**Sherin AND Lodgen LLP**
Legal Precision and Innovation

Counsellors at Law
101 Federal Street  Boston, MA 02110
T: 617.646.2000  F: 617.646.2222
www.sherin.com

David A. Brown
Direct Dial: 617.646.2239
e-mail: dabrown@sherin.com

August 13, 2004

<u>By Electronic Filing</u>

Civil Clerk
United States District Court
for the District of Massachusetts
Federal Building and Courthouse
1550 Main Street
Springfield, Massachusetts 01103

    Re:    <u>Pittsfield Generating Company, L.P. v. Devon Canada Corporation</u>
             Civil Action No. 04-30128-MAP

Dear Sir or Madam:

    I enclose for filing Pittsfield Generating Company, L.P.'s Opposition to Defendant's Motion to Hold in Abeyance its Obligation to Respond to the Complaint, or in the Alternative for an Extension of Time to Respond to the Complaint.

    Thank you for your attention to this matter.

                                      Very truly yours,

                                      David A. Brown

Enclosure
cc:    Anita B. Bapooji, Esq.

{00017576.DOC /}

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PITTSFIELD GENERATING COMPANY, L.P., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEVON CANADA CORPORATION, )<br>)<br>Defendant. )<br>) | CIVIL ACTION<br>NO. 04-30128-MAP |

**PITTSFIELD GENERATING COMPANY, L.P.'S OPPOSITION TO
DEFENDANT'S MOTION TO HOLD IN ABEYANCE ITS OBLIGATION
TO RESPOND TO THE COMPLAINT, OR IN THE ALTERNATIVE FOR
AN EXTENSION OF TIME TO RESPOND TO THE COMPLAINT**

Pittsfield Generating Company, L.P. ("PGC") opposes Devon Canada Corporation's ("Devon") Motion to Hold in Abeyance its Obligation to Respond to the Complaint or in the Alternative For an Extension of Time to Respond to the Complaint. For the following reasons, this Court should refuse to stay proceedings in this case, and hold Devon to its obligation to respond to PGC's complaint by August 17, 2004.

As a rule, agreements to enlarge time are part of the common coin of civility in federal litigation. Devon, however, has set the ground rules for this dispute by its conduct in its later-filed case against PGC in Alberta, Canada, where it has sought rigidly to enforce pressing due dates on PGC by refusing to enlarge time and forcing PGC to seek scheduling relief from the Court of Queen's Bench over Devon's vociferous objections. PGC's opposition here, however, is not of the "tit-for-tat" variety. Just as Devon's insistence on speeding the process in Alberta presumably reflects its view of the importance of its case, including critical issues of jurisdiction

{00017063.DOC /}

and venue, PGC, for those same reasons, invokes the power of this Court to deny the requested stay, and to require Devon to plead responsively by August 17, 2004.

## FACTS

On *July 8, 2004*, PGC sued Devon in this Court ("Massachusetts Action"). In response to and with notice of the filed Massachusetts Action, on *July 12, 2004*, Devon sued PGC in the Court of Queen's Bench of Alberta ("Queen's Bench") in the Judicial District of Calgary ("Alberta Action"). Also on that day, Devon submitted an affidavit of Henry Assen, ("Assen") in support of its application for an *ex parte* order allowing service on PGC. The Queen's Bench issued the order.

On *July 13, 2004*, PGC sent the summons and a copy of the complaint in the Massachusetts Action to be served in Canada under the Hague Convention. On *July 14, 2004*, PGC sent Devon, via overnight mail, a copy of the complaint and a Request for Waiver of Service, under Fed. R. Civ. P. 4(d), which would have given Devon ninety days to respond to PGC's complaint. Devon refused to waive service, thus committing itself to the shorter period for responsive pleading required by the rules.

On *July 14, 2004*, PGC was served with a copy of Devon's Statement of Claim filed in the Alberta Action, requiring PGC to file a Statement of Defence by *August 13, 2004*. PGC retained Alberta counsel, proposed dates for the cross-examination of Assen (which Alberta's procedural rules allow PGC to do before filing a Statement of Defence), attempted to discuss scheduling with Devon, and sought Devon's consent to enlarge the time for PGC's filing of its Statement of Defence. Devon refused to do so.

In the Massachusetts Action, service on Devon under the Hague Convention occurred on *July 28, 2004*.

In the Alberta Action, PGC had to seek the assistance of the Queen's Bench and did so on **August 4, 2004.** Devon opposed PGC's request for an extension to file a Statement of Defence. In support of its opposition to even a modest enlargement of time, Devon submitted a further affidavit by Assen, averring that PGC's complaint in the Massachusetts Action "will need to be defended by Devon, if appropriate, by August 17, 2004." The Queen's Bench granted PGC's application for delay in filing its Statement of Defence and scheduled a hearing on a motion to challenge jurisdiction for **September 1, 2004**, which was less time than PGC had sought. Thus, having used the responsive date of August 17, 2004, in this Court as a reason for speed in Alberta, Devon here seeks to have this Court stay this action, deferring to the Canadian court, or, alternatively, to extend its time for responsive pleading.

## ARGUMENT

1.  **Devon's Request for a Stay.**

Devon cites no authority for the extraordinary relief it seeks to stay proceedings in the Massachusetts Action in deference to the later-filed Alberta Action. As the First Circuit held in In re President and Fellows of Harvard College, 149 F. 2d 69, 74 (1st Cir. 1945), it would not be "an appropriate exercise of discretion" for this Court to stay proceedings in deference to the later-filed Alberta Action. "As a general rule, the pendency of the same cause of action in a state [or foreign] court between the same parties is not a ground for abatement of an action in federal court." 1st National Credit Corp. v. Von Hake, 511 F. Supp. 634, 638 (D. Utah. 1981). Thus,

> [t]o hold, for example, that the federal court should in all cases give way to the state [or foreign] court would in effect deprive persons of diverse citizenship of a right given to them by the United States Constitution and the federal statutes to proceed in the federal courts. McClelland v. Carland, 217 U.S. 268, 281, 30 S. Ct. 501, 504, 54

> L.Ed. 761 (1910); <u>Butler v. Judge of the United States District Court</u>, <u>supra</u>. Only "special and peculiar circumstances" could justify such deference.

<u>Id</u>. at 638. It follows that where a plaintiff duly invokes the jurisdiction of the United States District Court, as PGC has done here, a defendant, such as Devon, may not thereafter sue in a non-federal court and use that action as an instrument to abate or stay the federal case. Thus, the so-called "first-to-file" rule, resting on fundamental principles of federal jurisdiction, defeats Devon's effort to stay this action. See <u>In re President and Fellows of Harvard College</u>, 149 F. 2d at 74; <u>Hoai v. Sun Refining and Marketing Co., Inc.</u>, 866 F. 2d 1515, 1517 (D.C. Cir. 1989); <u>1st National Credit Corp. v. Von Hake</u>, 511 F. Supp. at 638.

Devon cannot cite any authority for its request that this Court stay proceedings in deference to proceedings in a foreign country. The Court should deny Devon's meritless request.

2. **Devon's Request for Extension of Time to Respond to Complaint**.

Devon learned of PGC's federal suit on or about July 15, 2004. PGC offered Devon the Rule 4(d) option of a 90-day response period, but Devon declined, thus electing to require PGC to effect service via the Hague Convention which, of course, imposed on Devon the usual 20-day period for responsive pleadings. Devon used the August 17, 2004 date, which it had in effect self-selected, to argue against PGC's effort to enlarge its time to file a Statement of Defense in the Alberta Action.

Devon insists on "adjudicative speed" (<u>1st National Credit Corp. v. Von Hake</u>, 511 F. Supp. at 634) in Alberta and adjudicative leisure in Massachusetts. It has had more than a month since it became aware of the Massachusetts Action to prepare a responsive pleading. It proposes no reason why it should now be allowed to proceed at a statelier pace than it has forced on PGC in Alberta. This Court should deny the motion for an extension of time.

## CONCLUSION

For the reasons stated and on the authorities cited, PGC prays that the Court deny Devon's Motion to Hold in Abeyance its Obligation to Respond to the Complaint, or in the Alternative for an Extension of Time to Respond to the Complaint.

## REQUEST FOR ORAL ARGUMENT

PGC requests oral argument.

                        **PITTSFIELD GENERATING COMPANY, L.P.**

                        By its attorneys,

                        _____
                        Robert J. Muldoon, BBO# 359480
                        David A. Brown, BBO# 556161
                        Jill M. Brannelly, BBO# 655474
                        Sherin and Lodgen LLP
                        101 Federal Street
                        Boston, Massachusetts 02110
                        (617) 646-2000

Dated: August 13, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by hand.

Dated: August 13, 2004                    _____