# TAB A

**[REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STAY IN DEFERENCE TO A PENDING FOREIGN PROCEEDING]**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PITTSFIELD GENERATING COMPANY, L.P., <br><br> Plaintiff, <br><br> v. <br><br> DEVON CANADA CORPORATION, <br><br> Defendant. | Civil Action No: <br> 04-30128-MAP |

**DEFENDANT DEVON CANADA CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO STAY IN DEFERENCE TO A PENDING FOREIGN PROCEEDING**

Defendant Devon Canada Corporation ("Devon") hereby responds to arguments raised by Plaintiff Pittsfield Generating Company, L.P. ("PGC") in its Opposition ("Pl. Opp.") to Devon's Motion to Stay in Deference to a Pending Foreign Proceeding ("Def. Mot. to Stay"). PGC submitted a combined Opposition responding to the instant motion and to Devon's Motion to Dismiss for Lack of Personal Jurisdiction and Forum Non Conveniens. PGC's Opposition raised new issues that warrant the filing of a Reply.[1] Devon's counsel conferred with PGC's counsel on October 8, 2004 in advance of filing this Reply, as required by Local Rule 7.1. PGC's counsel did not consent to the filing of this Reply, nor did counsel inform Devon that PGC intended to file an amended complaint, which it did four days later. Because the amended complaint has no bearing on Devon's arguments asserted in support of its Motion to Stay, Devon hereby responds to those portions of PGC's Opposition that relate to the Motion to Stay.

The bulk of PGC's Opposition has little relevance to the contract at the core of the

---

[1] Contemporaneous with the filing of this Reply Memorandum, Devon filed a Motion for Leave to File A Reply Memorandum In Support Of Its Motion To Stay In Deference To A Pending Foreign Proceeding.

30806976.1

- 1 -

parties' dispute: the Gas Purchase Agreement. PGC's repeated references to the Power Sale Agreements ("PSAs") and the Renegotiation/Arbitration Agency Agreement ("Agency Agreement"), as well as its discussion of the merits of the case, are nothing but a smoke screen designed to divert this Court's attention from the relevant issues. PGC cites little authority to support its arguments and, moreover, fails to distinguish or challenge the authority cited by Devon. These concessions are telling and, as stated more fully below, reinforce Devon's argument that the Court should stay the present case.

PGC also essentially ignores the September 13, 2004 decision of Justice Mahoney, in which the Alberta court determined that it has jurisdiction over PGC and that Alberta is the most convenient forum in which to litigate this dispute. Reasons for Judgment of the Honourable Justice Bryan E. Mahoney ¶¶ 21, 23 (Sept. 13, 2004) (Ex. A to Def. Mot. to Stay). All of the arguments PGC presents here regarding jurisdiction and forum non conveniens were presented in Alberta and found wanting by the court. PGC has filed a Civil Notice of Appeal of this decision and has described it as a "procedural" appeal. Civil Notice of Appeal (Oct. 5, 2004) (attached hereto as Ex. B). Under the Alberta Court of Appeal's Consolidated Practice Directions, procedural appeals of this type are now handled under the new rules calling for expedited treatment. See Part J of the Alberta Court of Appeal Practice Notes. http://www.albertacourts.ab.ca/ca/practicenotes/j.htm.

30806976.1

- 2 -

I.  **PGC MISSTATES KEY FACTS RELEVANT TO THE PARTIES' DISPUTE**

Although Devon recognizes that the task of this Court at this time is not to interpret the underlying contractual provisions, PGC creates several misimpressions of fact in its Opposition brief which Devon is compelled to correct.[2] PGC's effort to portray itself as the aggrieved party in this matter is disingenuous. PGC orchestrated the termination of the PSAs and the filing of this lawsuit in such a way as to keep Devon uninformed and unaware of the substance or particulars of the Termination Agreements – all in an apparent effort to win a race to the courthouse. Devon has performed its contractual obligations under the Gas Purchase Agreement for years, and it was PGC which set into motion the chain of events that led to the termination of the PSAs and this dispute.

II.  **THIS COURT SHOULD GRANT DEVON'S MOTION TO STAY**

This Court should grant Devon's Motion to Stay in Deference to a Pending Foreign Proceeding. As demonstrated below, PGC fails to adequately respond to certain of Devon's arguments. Moreover, PGC's assertions in the Opposition are without merit.

    A.  **PGC Concedes Certain Factors That Are Relevant in Determining Whether to Grant a Stay**

Devon set forth six factors that are relevant in determining whether to grant a stay because of litigation pending in another country: (1) similarity of parties and issues; (2) judicial efficiency; (3) adequacy of relief available in the alternative forum; (4) fairness and convenience; (5) possibility of prejudice to the parties; and (6) temporal sequence of the two actions. PGC did not respond whatsoever to Devon's arguments with respect to certain of these factors, notably the following:

---

[2] PGC makes other misstatements of fact in its Opposition that Devon has not addressed herein, because they do not bear on the issues before the Court with respect to Devon's Motion to Stay, but rather, pertains to the merits of the case or to Devon's Motion to Dismiss for Lack of Personal Jurisdiction or Forum Non Conveniens. In light of the filing of the Amended Complaint, Devon will be re-filing the jurisdiction and forum non conveniens motion.

30806976.1

- The parties and issues in the Alberta and Massachusetts actions are similar.

- The Alberta court will provide PGC with adequate relief because PGC can raise its claims there. Indeed, PGC does not contend, nor can it, that the Alberta court would not recognize its claims for declaratory relief.

- Alberta law governs the Gas Purchase Agreement, which is the subject of PGC's claim for declaratory relief. Because an Alberta court can more easily and appropriately interpret Alberta law. The Alberta court already ruled that it had jurisdiction over PGC and that Alberta is the more convenient forum. See Ex. A to Def. Mot. to Stay ¶ 23.

These are important factors that weigh in favor of staying the present action. By failing to respond to these arguments, PGC evidently concedes them. Furthermore, PGC's new claim for breach of contract is based upon an alleged breach of the Gas Purchase Agreement only. See Amended Compl. ¶¶ 50-54. This damage claim clearly is governed by Alberta law and PGC does not assert, nor can it, that such monetary relief would be unavailable against Devon in the Alberta court.

B.  **PGC's Reliance on the Goldhammer Case Is Misplaced**

In responding to Devon's Motion to Stay, PGC directly relies on only a single case: Goldhammer v. Dunkin' Donuts, Inc., 59 F. Supp. 2d 248 (D. Mass. 1999). However, in that case, this Court granted a stay of the Massachusetts proceeding pending the outcome of a parallel English case. PGC cites Goldhammer for the proposition that federal courts have a strict duty to exercise the jurisdiction conferred upon them. What PGC fails to mention, however, is that Goldhammer further stated that "[t]his obligation to exercise jurisdiction [] is not absolute." Id. at 251. Thus, as was the result in Goldhammer, this Court may stay the present action if the relevant factors favor the foreign litigation.

PGC also cites Goldhammer for the proposition that a parallel proceeding on the same claim should be allowed to proceed simultaneously, until a judgment is reached in one case that can be pleaded as res judicata in the other. Pl. Opp. at 25. PGC's reading of Goldhammer is

incomplete. The court in Goldhammer granted a stay even though no judgment had been reached in the parallel English case. Indeed, the English action was still in the discovery stage. See Goldhammer, 59 F. Supp. 2d at 255. Thus, that the Alberta court has yet to render a final judgment should not preclude a stay of the Massachusetts action.

Furthermore, the suggestion that it would be appropriate for the courts and the parties to squander resources on the simultaneous litigation of two essentially identical cases is ridiculous. Pl. Opp. at 25. Such multiplicity of suits is precisely why this Court should stay the present case.

### C. The Federal Rules of Civil Procedure Neither Provide "Discovery Advantages" Nor Offer a More Expeditious Means to Resolve This Dispute

PGC alleges certain "discovery advantages" that it claims the Federal Rules of Civil Procedure provide over the Alberta Rules of Court. However, the Alberta court considered this issue and determined that there were no judicial advantages in either jurisdiction. See Ex. A to Def. Mot. to Stay ¶ 21(i). In any event, the Alberta court stated that it has the inherent authority to cure any potential disadvantages in order to ensure a fair hearing, id., which PGC does not refute. Staying this case, therefore, would not deprive PGC of any purported discovery advantages under the Federal Rules of Civil Procedure. Certainly, the Alberta court is perfectly capable of handling, and is prepared to hear, this Alberta-focused dispute, and PGC does not contend otherwise.

Goldhammer likewise considered the issue of discovery advantages. There, the plaintiff opposed the stay motion by citing differences in the discovery rules between United States and English courts – specifically, that the English courts did not permit the taking of depositions. Goldhammer, 59 F. Supp. at 254-55. The court found that the fact that there was less access to discovery in England weighed against a stay, "but only slightly so." Id. at 255. In any event, because the court retained jurisdiction under the stay, it could permit limited supplemental

30806976.1

- 5 -

discovery if the English rules turned out to substantially hinder the plaintiff. Id. at 255 n.1. Accordingly, the Goldhammer court granted the stay. Similarly, in the instant matter, any purported discovery disadvantages under the Alberta Rules of Court (which Devon denies exist) can easily be addressed and should not preclude a stay of the present case. See Ex. A to Def. Motion to Stay ¶ 22(i) (Alberta court's determination that Alberta Rules of Court will be adequate to permit litigation of a fair dispute).

Further, PGC argues that this Court should not stay this action because the Federal Rules of Civil Procedure provide a more expeditious and efficient means to resolve this dispute via Fed. R. Civ. P. 56. However, the record reflects that summary-judgment-type proceedings are available in Alberta, Declaration of Frank R. Foran ¶ 20 (Aug. 17, 2004) (Ex. 7 to Def. Mot. to Dismiss)[3], and PGC fails to support its suggestion that summary judgment will happen more quickly here than in Alberta. Indeed, the Alberta case has proceeded further along than the Massachusetts action: the Alberta court already conducted proceedings and determined that it has jurisdiction over this dispute. See Ex. A ¶ 23 to Def. Mot. to Stay.

### D.     PGC Offers No Authority for Giving Priority to the Massachusetts Case

PGC argues that the presumption in favor of the plaintiff's choice of forum in the first-filed action should not be overturned absent compelling circumstances. PGC cites no authority to support this proposition. Further, Devon set forth five reasons as to why PGC cannot claim any priority for the first-filed action, providing authority for each of the five reasons. Yet nowhere does PGC cite contrary cases, or even bother to distinguish the instant case from those

---

[3] In support of its previously-filed Motion to Dismiss For Lack of Personal Jurisdiction and Forum Non Conveniens, Devon also filed with this Court an Appendix of Exhibits in Support of its Motion to Dismiss for Lack of Personal Jurisdiction and Forum Non Conveniens (filed Sept. 17, 2004). For the Court's convenience, and to avoid confusion with multiple-filed exhibits, reference is made to those exhibits originally filed on September 17, 2004, unless otherwise indicated herein.

30806976.1

- 6 -

that Devon cited. In light of Devon's unanswered arguments as to why the presumption in favor of the first-filed case is rebutted in the present case, there is no basis for giving priority to the Massachusetts case.

### E. PGC's Bad Faith Conduct Weighs in Favor of a Stay

PGC argues that the equities weigh against staying this action because Devon was the party that created the jurisdictional conflict. This is not supported by the evidence in the record. PGC argues that the parties' disagreement has been pending since January 2004. Pl. Opp. at 27. The record shows, however, that, in January, the parties engaged in broad-ranging discussions about the restructuring of the remaining contracts associated with the facility. At no time did PGC state that it was planning to terminate the PSAs. In fact, "Devon first became aware, and indeed was surprised to learn on June 7, 2004, that Pittsfield had executed termination agreements with the power sales purchasers." Written Response of Henry Assen to Questions Posed In Cross-Examination at 1 (Aug. 27, 2004) (attached hereto as Ex. C). These facts stand unrefuted.

PGC further argues that Devon knew in early June 2004 that PGC had agreed to terminate the PSAs. Yet PGC neglects to mention that it submitted a proposal to the Massachusetts Department of Telecommunications and Energy ("DTE") for termination of the Power Sale Agreements as early as April 13, 2004, without notifying Devon. Moreover, on June 28, 2004, PGC denied Devon's request for copies of the Termination Agreements, and Devon received copies of the Termination Agreements from PGC only after PGC filed the Massachusetts case. Affidavit of Henry Assen ¶ 10 (Aug. 3, 2004) (Ex. 3 to Def. Mot. to Dismiss). These actions by PGC do not evidence good faith on its part. A party acting in good faith would not have proceeded in a deceptive manner in order to win a race to the courthouse. PGC therefore cannot be heard now to claim priority for the instant case.

- 8 -

WHEREFORE, defendant Devon Canada Corporation respectfully requests that the Court grant Devon's Motion and stay this action pending the ultimate resolution of the parallel action in Calgary, Alberta, Canada.

Dated: October 15, 2004.

                                                  Respectfully submitted,

/s/ Anita B. Bapooji
William L. Prickett (BBO #555341)
Anita B. Bapooji (BBO #644657)
Testa, Hurwitz & Thibeault, LLP
125 High Street
Boston, MA 02110
Telephone: 617-248-7000
Facsimile: 617-248-7100

Counsel for Defendant
Devon Canada Corporation

John M. Simpson
Michelle C. Pardo
Fulbright & Jaworski, LLP
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-662-0200
Facsimile: 202-662-4643

Of Counsel
Devon Canada Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant Devon Canada Corporation's Reply Memorandum In Support of Its Motion To Stay In Deference To A Pending Foreign Proceeding was served on the 15th day of October, 2004, via first class mail, postage prepaid, on the following:

>Robert J. Muldoon
>David A. Brown
>Sherin and Lodgen LLP
>101 Federal Street
>Boston, MA 02110

>/s/ Anita B. Bapooji
>Anita B. Bapooji

30806976.1