UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PITTSFIELD GENERATING COMPANY, L.P., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEVON CANADA CORPORATION, ) <br> ) <br> Defendant. ) | CIVIL ACTION <br> NO. 04-30128-MAP |

**PLAINTIFF PITTSFIELD GENERATING COMPANY, L.P.'S
OPPOSITION TO DEVON CANADA CORPORATION'S
MOTION FOR LEAVE TO FILE A REPLY BRIEF AND SUR-REPLY IN OPPOSITION
TO DEVON CANADA CORPORATION'S MOTION TO STAY THIS ACTION**

Pittsfield Generating Company, L.P. ("PGC") opposes Devon Canada Corporation's ("Devon") Motion for Leave to File a Reply Brief because the proposed Reply Brief consists of unsupported statements of counsel, arguments repetitive of arguments previously made, and unfounded allegations of bad faith. PGC had agreed to consent to Devon's motion on condition that Devon consent to a sur-reply should PGC determine that a sur-reply is necessary. Devon refused. Because Devon's arguments are of no assistance to the Court, its motion for leave to file a reply brief should be denied. In the alternative, if the Court accepts Devon's proposed Reply Brief, then PGC requests the Court to accept its sur-reply in the form attached at Tab 1.

## ARGUMENT

Devon's proposed Reply Brief is filled with unsupported and unfounded contentions. Most egregious is Devon's unfounded assertion that PGC acted in bad faith by commencing this declaratory judgment action in July, 2004. Devon concedes, as it must, that it retained counsel in

Alberta in January 2004 with respect to certain of the matters pending between the parties. Devon concedes, as it must, that in January, February and March, 2004, it repeatedly disputed PGC's right, unambiguously set forth in Article 4.8 of the Gas Purchase Agreement, to re-sell the gas. Devon concedes, as it must, that it received notice of the Termination Agreements in early June 2004.

Thus, Devon concedes that by early June, 2004, both parties were aware there existed a material dispute between them with respect to PGC's rights under Article 4.8 of the Gas Purchase Agreement. This dispute is based on the fact of the Termination Agreements and Devon's stated position regarding PGC's re-sale rights under the Gas Purchase Agreement. The terms of the Termination Agreements are immaterial. Yet Devon chose to do nothing after receiving notice of the Termination Agreements. It was not until a month later that PGC commenced this action, to which Devon responded not on the merits but with a separate action in Alberta, Canada. Devon's allegation of a bad faith race to the court house by PGC is entirely unfounded. Devon's proposed Reply Brief adds nothing to the arguments previously made on this subject.

Likewise, Devon's contention, at p.2 of the proposed Reply Brief, that all of the arguments presented here were previously presented to the Court in Alberta, is unfounded. That proceeding focused on the parties' contacts with Alberta; this proceeding focuses on the contacts with Massachusetts. As one of many examples, the fact that Devon retained PGC to act as its agent in price renegotiation/arbitration proceedings in Massachusetts – which Devon fails to address in any of its almost fifty (50) pages of briefing – is clearly material to this Court's exercise of jurisdiction but was not material to the Alberta Court's decision on jurisdiction.

Devon misleadingly suggests to the Court that PGC has conceded certain factual or legal positions asserted by PGC. E.g., Devon's proposed Reply Br., p.4 ("By failing to respond to these arguments, PGC evidently concedes them."). This suggestion is unfounded. PGC does not concede Devon's arguments. To the contrary, PGC submits the record is clear that this Court has jurisdiction over this case and that Devon has failed to meet its burden to show any compelling reason why this action should be stayed in favor of the later-filed Alberta action.

Devon's argument that the parties should not "squander" their resources on the "simultaneous litigation of two essentially identical cases" is remarkable for its hypocrisy. Devon created the duplicative litigation deliberately, in response to PCG's complaint in this action, for the tactical purpose of multiplying the litigation and seeking a perceived jurisdictional advantage. Devon may not now be heard to complain that the pendency of two cases, which Devon itself created, is "ridiculous." Moreover, this argument is entirely duplicative of arguments Devon already has briefed to the Court.

The remainder of Devon's arguments consists of either factually unsupported statements of counsel (e.g., alleging "misimpressions of fact" by PGC without identifying any inaccurate facts presented by PGC); repetition of arguments previously presented (e.g., presenting again the details of Alberta Court's decision, which Devon attached to its original forty (40) pages of supporting memoranda); or unfounded conclusions of law (e.g., asserting without support that staying this case would not deprive PGC of any discovery advantages provided by the Federal Rules of Civil Procedure, despite the Groody Affidavit otherwise). These arguments do not assist the Court in its consideration of the pending motions.

In summary, Devon's proposed Reply Brief presents unsupported statements of counsel, repetitious arguments, and unfounded allegations of bad faith. As such, Devon's proposed Reply

Brief should be denied. Alternatively, if the Court accepts Devon's Reply Brief, then PGC requests the Court also to accept PGC's Sur-Reply, which is attached at Tab 1.

## CONCLUSION

For the foregoing reasons, plaintiff Pittsfield Generating Company, L.P. respectfully requests the Court to deny Devon Canada Corporation's Motion for Leave to File a Reply Brief. In the alternative, if the Court allows Devon's motion, then PGC requests the Court to allow PGC to file a Sur-Reply in the form attached at Tab 1.

PITTSFIELD GENERATING COMPANY, L.P.

By its attorneys,

/s/ David A. Brown
Robert J. Muldoon, BBO# 359480
David A. Brown, BBO# 556161
Jill M. Brannelly, BBO# 655474
Sherin and Lodgen LLP
101 Federal Street
Boston, Massachusetts 02110
(617) 646-2000

Dated: October 22, 2004

## CERTIFICATE OF SERVICE

I, David A. Brown, hereby certify that I have on this 22nd day of October, 2004, caused a copy of the foregoing to be served upon all counsel of record by First Class Mail:

/s/ David A. Brown
David A. Brown