UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PITTSFIELD GENERATING COMPANY, L.P., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEVON CANADA CORPORATION, )<br>)<br>Defendant. )<br>) | CIVIL ACTION<br>NO. 04-30128-MAP |

**PLAINTIFF PITTSFIELD GENERATING COMPANY, L.P.'S SUR-REPLY
IN OPPOSITION TO DEVON CANADA CORPORATION'S MOTION
TO STAY THIS ACTION IN FAVOR OF A LATER-FILED ALBERTA ACTION**

Pittsfield Generating Company, L.P. ("PGC") responds to Devon Canada Corporation's ("Devon") Reply In Support of Its Motion To Stay In Deference To A Pending Foreign Proceeding and further opposes Devon's motion to stay this action in favor of the later-filed proceeding in Alberta, Canada, as follows:

1.     Devon argues that PGC engaged in a bad faith race to the court house by commencing this action a full month after PGC gave notice to Devon of the Termination Agreements. This argument is unfounded and untrue. The parties' dispute had been pending since January 2004 (indeed, Devon concedes that it retained Alberta counsel with respect to these matters in January 2004). Devon made clear its position adverse to PGC in correspondence in January, February and March 2004. PGC gave Devon notice in writing in early June that it had entered into the Termination Agreements with the Power Purchasers. PGC did not file suit until a month later, in July 2004. That Devon chose to do nothing until after PGC commenced

this litigation – and then only to generate duplicative litigation rather than address PGC's claims on the merits – raises no inference of bad faith on the part of PGC.

2. Devon argues that PGC acted in bad faith because PGC did not send Devon copies of the Termination Agreements until after they became public. This argument is nonsensical. Devon's claims are based on the fact of termination, not on the contents of the Termination Agreements. Moreover, Devon makes no showing that it had any right, contractual or otherwise, to review the Termination Agreements before they became public. Devon's argument is merely an ineffectual attempt to divert the Court's attention from Devon's decision to take no action for more than a month after receiving notice of the Termination Agreements.

3. Devon argues that PGC provided no authority for the argument that absent compelling reasons, a plaintiff's choice of forum should be respected. Devon is incorrect. In addition to <u>Nowak v. Tak How Inc., Ltd.</u>, 94 F3d 708 (1st Cir. 1996) and <u>Goldhammer v. Dunkin' Donuts, Inc.</u>, 59 F. Supp. 2d 248 (D. Mass. 1999), and other authority, PGC quoted the United States Supreme Court, as follows:

> [W]here there are only two parties to a dispute, there is good reason why it should be tried in the plaintiff's home forum if that has been his choice. <u>He should not be deprived of the presumed advantages of his home jurisdiction except upon a clear showing of facts which either (1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience,</u> which may be shown to be slight or non-existent, or<u> (2) make trial in the chosen forum inappropriate because considerations affecting the Court's own administrative or legal problems.</u>

Koster v. (American) Lumbermens Mut. Gas. Co., 330 U.S. 518, 524 (1947) (emphasis added).

4. Devon argues that the parties should not "squander" their resources on the "simultaneous litigation of two essentially identical cases." Devon Reply Br. at p.5. Yet Devon itself created the problem of simultaneous litigation by commencing the Alberta Action in response to PGC's commencement of this action. Devon's later filing of the Alberta Action is a transparent forum-shopping tactic pursued to obtain a perceived jurisdictional advantage. It is hypocritical for Devon to complain about the duplicative litigation that Devon commenced or about the cost of its own litigation strategy.

5. Devon has shown no compelling reason why this Court should defer to the later-filed Alberta Action. There is no impediment to this Court's ability to resolve all of the claims between all of the parties. Devon's additional claims in Alberta against additional United States defendants are within this Court's jurisdiction. It is uncontested that a judgment for money damages, which PGC now seeks because Devon has refused to perform under the Gas Purchase Agreement, are fully enforceable in Alberta. The majority of the parties, witnesses, documents and counsel are located in Massachusetts and the eastern United States. The center of gravity in this case is located in Pittsfield, Massachusetts, where the plant is located and PGC has a principal place of business. This case was properly commenced in Massachusetts, and it should remain here.

6. PGC argues that Alberta law governs the Gas Purchase Agreement (but not the pricing provisions that, under the Agency Agreement, are governed by Massachusetts law), and for that reason argues that this Court should stay this action in favor of the later-filed Alberta Action. However, this case involves the interpretation of an unambiguous contract. This Court is fully capable of adjudicating the meaning of Article 4.8 of the Gas Purchase Agreement,

which provides: "Nothing in this Agreement shall restrict Buyer from reselling any Gas purchased hereunder or from using any such Gas for purposes other than consumption by the Facility." Devon has not pointed to any conflict between the laws of Alberta and the laws of the Commonwealth of Massachusetts with respect to contract interpretation; nor has Devon identified any complex or unique issue of Alberta law presented by this action. Accordingly, Devon has failed to meet its burden to show any compelling reason why PGC's choice of jurisdiction in the United States District Court should be disregarded in favor of a later-filed Canadian proceeding.

7. As Devon admits, PGC has filed an appeal to the Alberta Court of Appeal seeking to overturn the lower court's decision on jurisdiction. PGC is pursuing this appeal as of right, and even Devon concedes that the appeal process will take at least several months. Devon makes no showing that PGC's appeal lacks merit or is likely to be denied. While the appeal is pending, no action will be undertaken in the underlying litigation. These facts weigh strongly in favor of continuation of this action.

## CONCLUSION

For the foregoing reasons, and for the reasons previously presented, plaintiff Pittsfield Generating Company, L.P. requests this Court to deny Devon Canada Corporation's Motion to Stay In Deference To A Pending Foreign Proceeding.

PITTSFIELD GENERATING COMPANY, L.P.

By its attorneys,

/s/ David A. Brown
Robert J. Muldoon, BBO# 359480
David A. Brown, BBO# 556161
Jill M. Brannelly, BBO# 655474
Sherin and Lodgen LLP
101 Federal Street
Boston, Massachusetts 02110
(617) 646-2000

Dated: October 22, 2004

## CERTIFICATE OF SERVICE

I, David A. Brown, hereby certify that I have on this 22nd day of October, 2004, caused a copy of the foregoing to be served upon all counsel of record by First Class Mail:

/s/ David A. Brown
David A. Brown