UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PITTSFIELD GENERATING COMPANY, L.P., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEVON CANADA CORPORATION, ) <br> ) <br> Defendant. ) <br> ) | CIVIL ACTION <br> NO. 04-30128-MAP |

**PLAINTIFF PITTSFIELD GENERATING COMPANY, L.P.'S
OPPOSITION TO DEVON CANADA CORPORATION'S
MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION AND FORUM NON CONVENIENS**

Plaintiff Pittsfield Generating Company, L.P. ("PGC") hereby opposes Devon Canada Corporation's ("Devon") Motion to Dismiss the Amended Complaint that PGC filed on October 12, 2004. Devon's arguments on its current Motion mirror the arguments Devon previously presented in its September 17, 2004 Motion to Dismiss the original Complaint. In this Opposition, PGC relies on and incorporates by reference Plaintiff Pittsfield Generating Company, L.P.'s Opposition to Devon Canada Corporation's Motion to Dismiss for Lack of Jurisdiction and Forum Non Conveniens and Motion to Stay In Deference to a Foreign Proceeding dated October 1, 2004 ("PGC's Opposition Memorandum"). PGC makes the following additional response to Devon's Motion to Dismiss the Amended Complaint for Lack of Personal Jurisdiction and Forum Non Conveniens.

**Prior Proceedings**

PGC filed its Complaint on July 8, 2004. The Complaint was served on Devon on July 28, 2004, in accordance with the Hague Convention. Devon's answer or other response to the Complaint was due on August 17, 2004.

In response to PGC's Complaint, Devon commenced parallel litigation in Alberta, Canada on July 12, 2004. PGC contested service and jurisdiction in Canada. Devon sought to expedite the Canadian proceeding and to obtain a jurisdictional ruling from the Alberta court first. In this action, Devon moved to continue by thirty (30) days its time to respond to the Complaint, which this Court allowed.

On September 13, 2004, the Court of Queen's Bench of Alberta accepted jurisdiction over Devon's action. The Court's Order entered on September 27, 2004. On October 5, 2004, PGC appealed the Court's ruling to the Albert Court of Appeal as of right. By agreement, PGC will defer filing a defense to the Alberta complaint pending the appeal.

On September 17, 2004, Devon filed its initial Motion to Dismiss this action for lack of jurisdiction and forum non conveniens. Devon also moved to stay this action in deference to the later-filed Alberta action. On October 1, 2004, PGC timely filed PGC's Opposition Memorandum in response to Devon's two motions.

On October 5, 2004, PGC gave notice that effective 8:00 a.m. Alberta time on October 8, 2004, Devon would cease to supply gas to PGC under the Gas Purchase Agreement. On October 8, 2004, Devon ceased supplying gas to PGC. See First Amended Complaint, ¶ 42.

On October 12, 2004, PGC filed and served an Amended Complaint asserting a claim for money damages based on Devon's breach of its gas supply obligations under the Gas Purchase

Agreement. PGC's damages, in the form of lost profits as calculated by Devon are C$26,000 per day. See Affidavit of Henry Assen ("Assen Aff."), attached at Tab 1, ¶ 4.

On or about October 22, 2004, Devon filed and served its Motion to Dismiss the Amended Complaint. Devon agues that this Court lacks personal jurisdiction over Devon. Alternatively, Devon argues that this Court should dismiss this action in favor of the later-filed Alberta action on forum non conveniens principles. Devon's Motion should be denied. In addition to the arguments presented in PGC's Opposition Memorandum and supporting facts and documents attached to the Affidavit of David A. Brown ("Brown Aff.") and the Declaration of Eric Groody ("Groody Declaration"), PGC makes the following specific responses to Devon's Motion to Dismiss.

## Argument

I.  **Devon Retained PGC To Act As Its Agent In Price Renegotiation/Arbitration Proceedings In Massachusetts Which Is Sufficient To Subject Devon To Jurisdiction In Massachusetts.**

This Court has jurisdiction over Devon for three reasons: (a) PGC negotiated, signed, and performed the Gas Purchase Agreement and Agency Agreement from its offices in Boston, Massachusetts, and thus Devon transacted business with PGC in Massachusetts; (b) Devon claims that it contracted to supply natural gas for use at the power plant in Pittsfield, Massachusetts, and not otherwise, and thus Devon alleges that it contracted to supply goods in Massachusetts; and (c) Devon retained PGC to act as its agent in certain price renegotiations/arbitration proceedings in Massachusetts, thereby further transacting business in Massachusetts and intentionally subjecting itself to jurisdiction in Massachusetts. See PGC's Opposition Memorandum at pp. 12-20. Each of these is sufficient to confer jurisdiction under the Massachusetts Long-Arm Statute, Mass. Gen. Laws Chapter 223A, §3.

Both parties have briefed Devon's transaction of business in Massachusetts and Devon's agreement to supply goods in Massachusetts. PGC will rely on the arguments presented in PGC's Opposition Memorandum on these issues. <u>See</u> <u>id</u> at pp. 13-18. However, it is notable that, although Devon has filed almost seventy (70) pages of briefs in connection with its motions to dismiss or stay this action, Devon has not addressed the fact that it retained PGC to act as its agent in price renegotiation and arbitration proceedings in Massachusetts. Devon did so in the Agency Agreement. <u>See</u> <u>id</u>. at p. 16. Additionally, by letter directed to PGC at its Pittsfield, Massachusetts office dated November 25, 2003, Devon instructed PGC as its agent to commence price renegotiation/arbitration proceedings in Massachusetts against the Massachusetts Power Purchasers. Brown aff., Tabs 24 & 25. PGC, as Devon's agent, did so in Massachusetts. <u>See</u> PGC's Opposition Memorandum at pp. 7-9, 16. These activities alone are sufficient to subject Devon to jurisdiction in Massachusetts.

II.  The Forum Non Conveniens Factors Do Not Compel Dismissal Of This Action In <u>Favor Of The Later- Filed Alberta Action</u>.

A.  Absent Compelling Reasons, PGC's Choice Of Forum <u>Should Be Respected.</u>

Devon has deliberately breached its gas supply obligations to PGC under the Gas Purchase Agreement. Devon has done so in complete disregard of Article 4.8 of the Gas Purchase Agreement, which unambiguously allows PGC to resell the gas or to use it for purposes other than as fuel for the Pittsfield, Massachusetts power plant. PGC is suffering money damages that Devon estimates are accruing at the rate of C$26,000 per day. Thus, PGC is the injured party and true plaintiff in this action. Devon is the true defendant. PGC commenced this action in Massachusetts to obtain a declaration of its unambiguous contractual rights; Devon commenced the Alberta action merely in response to the claims brought by PGC.

In these circumstances, PGC's choice of forum should be respected absent compelling reasons otherwise. As the United States Supreme Court in <u>Koster v. (American) Lumbermen's Mut. Cas. Co</u>., 330 U.S. 518, 524 (1942), stated:

> [W]here there are only two parties to a dispute, there is good reason why it should be tried in the plaintiff's home forum if that has been his choice. <u>He should not be deprived of the presumed advantages of his home jurisdiction except upon a clear showing of facts which either (1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience,</u> which may be shown to be slight or non-existent, or<u> (2) make trial in the chosen forum inappropriate because of considerations affecting the Court's own administrative or legal problems.</u>

(Emphasis added). <u>See</u> also <u>Nowak v. Tak How Inv., Ltd.</u>, 94 F. 3d 708, 718-19 (1st Cir. 1996).

    B.    <u>Devon Has Shown No Compelling Reason Why This Court Should Dismiss This Case In Deference To The Later-Filed Alberta Action</u>.

The parties' private interests do not compel dismissal of this action in favor of the later-filed Alberta action. The following factors, among others, favor adjudication of the parties' dispute in Massachusetts:

- The center of this case is the Pittsfield, Massachusetts power plant.

- The relevant non-party witnesses are located in Massachusetts and other states in Eastern United States.

- The party witnesses are located in New York, Massachusetts, Connecticut and Delaware, among other places in the United States. Only Devon is located in Canada.

- The majority of the relevant non-party documents are located in the United States.

- Devon is a wholly-owned subsidiary of a large American corporation represented by competent counsel in Massachusetts. Communications with Canada are simple, timely, and inexpensive. There are no language difficulties. The travel costs are slight in proportion to the amounts at issue in this action. Devon will not

be significantly inconvenienced by litigating in the United States District Court in Massachusetts.

More specifically, as the Affidavit of Donald W. Scholl ("Scholl Aff.") (Tab 13 of the Brown Aff.) attests:

- The power plant is located in Pittsfield, Massachusetts. Id. ¶3.

- PGC is a limited partnership organized pursuant to the laws of the State of Delaware. Its offices are in Syracuse, New York. Id. It has a principal office at the power plant in Pittsfield, Massachusetts. Complaint, ¶9 1 & 2.

- PurEnergy I, LLC is incorporated pursuant to the laws of the State of New York with a principal place of business in Syracuse, New York. Scholl Aff., ¶11.

- PE – Pittsfield, LLC is incorporated pursuant to the laws of the State of Delaware with a principal place of business in Syracuse, New York. Id. ¶10.

- Beale Generating Company (formerly J. Makowski Company) owns Altresco, Inc. It is incorporated pursuant to the laws of the State of Delaware and is registered to do business in Massachusetts. Id., ¶15.

- National Energy and Gas Transmission ("NEG") and Cogentrix Energy, Inc. ("Cogentrix") owns Beale Generating Company. NEG's offices are in Charlotte, North Carolina. Cogentrix is owned by Goldman Sachs; both Cogentrix and Goldman Sachs are located in New York. Id., ¶15.

- Pittsfield Partners, Inc. is a limited partner of PGC. It is incorporated pursuant to the laws of the State of Colorado with a principal place of business in Bethesda, Maryland. It maintains an office in Pittsfield, Massachusetts. Id., ¶16.

- General Electric Capital Corporation, now GE Commercial Finance, Energy Financial Services, is both lender and, through its wholly-owned subsidiary, landlord to PGC. It is incorporated pursuant to the laws of the State of Delaware with a principal place of business in Stamford, Connecticut. Id., ¶17.

- Commonwealth Electric is incorporated pursuant to the laws of the Commonwealth of Massachusetts with a principal place of business at 800 Boylston Street, Boston, Massachusetts. Id., ¶19.

- Cambridge Electric is incorporated pursuant to the laws of the Commonwealth of Massachusetts with a principal place of business at 800 Boylston Street, Boston, Massachusetts. Id., ¶20.

- None of these entities is licensed to do business or has an office in Alberta. Id., ¶ 14.

In addition to these corporate entities which are likely to possess relevant documents and information, potential witnesses with relevant knowledge include:

1. Ed Christie, Stamford, Connecticut. Scholl Aff., ¶23.

2. Duncan MacEachern, Boston, Massachusetts. Id., ¶24.

3. Michael Cartney, Connecticut. Id., ¶25.

4. J. David Melvin, Stamford, Connecticut. Id., ¶26.

5. Gerry W. Seppa. Id., ¶27.

6. Kevin P. Walsh, Stamford, Connecticut. Id., ¶28.

7. William D. Strittmatter, Stamford, Connecticut. Id., ¶29.

8. Diana D'Agostino, Connecticut. Id., ¶30.

9. George A. Lehner, Pittsfield, Massachusetts. Id., ¶31.

10. Kathy A. Larimore. Id., ¶32.

11. Michael J. Tzougrakis, Greenwich, Connecticut. Id., ¶33.

Additionally, the Affidavit of George Lehner ("Lehner Aff."), attached at Tab 14 to the Brown Aff., attests to the following facts:

- Altresco, Inc. is incorporated under the laws of the State of Colorado. Lehner Aff., ¶5.

- Altresco, Inc. has two offices, one in Bethesda, Maryland, and one in Boston, Massachusetts. Id., ¶9.

- All of the relevant documents in Altresco's possession are located in either Maryland or Massachusetts. Id., ¶10.

- Altresco has identified thirty-six (36) former directors and officers who may have relevant information. At the time each was employed by Altresco, he or she was located in either Massachusetts or Maryland. Id., ¶¶11, 12.

- Mr. Lehner may be a witness. He resides in Pittsfield, Massachusetts. Id., ¶13.
- Duncan MacEachern, who has relevant knowledge and information, resides in Newtonville, Massachusetts. Id., ¶14.

As the foregoing demonstrates, although Devon is located in Alberta, the vast majority of parties witnesses, documents and potential sources of relevant evidence are located in the Northeast United States, including Massachusetts. Thus, the parties private interests overwhelmingly support adjudication of this dispute in Massachusetts.

The public factors likewise do not compel dismissal of this action in favor of the later-filed Albert Action. The Federal Rules of Civil Procedure offer several advantages to the parties that are not available under the Alberta Rules of Court. For example, through Fed. R. Civ. P. 45, the parties are able to obtain subpoena power over non-parties throughout the United States. Non-party discovery, including depositions, is readily available under the Federal Rules, but not so under the Alberta Rules of Court. Also, Fed. R. Civ. P. 56 provides an expedited means of adjudicating this contract dispute as a matter of law short of trial, which is advantageous to both parties.

PGC has submitted the Declaration of Eric Groody with respect to the Alberta Rules of Court. A copy is provided at Tab 2. As Mr. Groody attests in his Declaration, "discovery has been very much restricted in Alberta." Id., ¶11. The rules do not permit an examination (inspection) of a non-party witness for discovery purposes. Id., ¶16. Additionally, the Alberta Rules of Court allow interlocutory appeals as of right in discovery disputes, which creates the potential for significant delay where discovery is disputed. Id., ¶19. As Mr. Groody declares, "[i]t is not uncommon that a civil action in this jurisdiction may be extant for two, three, four or more years prior to coming on for trial." Id., ¶ 21.

There are other disadvantages to proceeding in Alberta. Non-party discovery is cumbersome, particularly across national borders. Moreover, Canada follows the "English Rule" with respect to attorneys fees: the prevailing party may recover attorneys fees against the non-prevailing party. This is a substantial disadvantage to litigation under Canadian law that has no application in this case under Massachusetts or federal law.

For these reasons, the forum non conveniens factors favor Massachusetts and not Alberta, and in any event, provide no compelling reason why PGC's choice of forum should be disregarded.

> C.  The Choice Of Alberta Law In The Gas Purchase Agreement Does Not Compel Choice Of An Alberta Forum.

Had the parties wished to include a forum–selection clause in the Gas Purchase Agreement, they could have done so. Both parties were sophisticated corporate entities represented by able counsel in negotiating and drafting the Gas Purchase Agreement. They chose not to include a forum-selection clause in that agreement. Devon should be bound by that choice.

Devon attempts to transform the choice-of-law provision in the Gas Purchase Agreement into a forum-selection clause. Devon argues, in effect, that this Court should dismiss this action in favor of the later-filed Alberta Action because Alberta law applies to much of the Gas Purchase Agreement (the Agency Agreement, which amended the Gas Purchase Agreement, is governed by Massachusetts law). Devon's attempt should be rejected for several reasons.

First, the Court should not add a forum-selection clause to a contract between two sophisticated parties where none exists. Mathewson Corp. v. Allied Marine Industries, 827 F. 2d 850, 856 (1st Cir. 1987) (stating "[w]hen the transaction is commercial, the principals practiced and represented by counsel, and the contract itself reasonably clear, it is far wiser for a court to

honor the parties' words than to imply other and further promises out of thin air"). Devon was fully aware that Altresco Pittsfield LP's offices were in Boston, but chose not to include a forum-selection clause.

Second, Alberta law creates no difficulties for this Court in adjudicating this dispute. This case involves the interpretation of an unambiguous contract provision. Section 4.8 of the Gas Purchase Agreement states, "[n]othing in this Agreement shall restrict Buyer from reselling any Gas purchased hereunder or from selling Gas for purposes other than consumption by the Facility." The issue raised by this action is whether the Gas Purchase Agreement will be enforced according to the plain meaning of its terms. No complicated issue of Alberta law is involved, and Devon does not identify either any difficult issue of Alberta law or any conflict between the laws of Alberta and the laws of the Commonwealth of Massachusetts that may be implicated by this case. Absent a showing by Devon of a particular issue of concern – and Devon has shown no such issue - this Court is fully capable of adjudicating the meaning of an unambiguous contract.

   III. The Presence Of State And Federal Regulators In The United States And Canada Does Not Favor Alberta Over Massachusetts.

Devon argues that the fact that its sale of gas to PGC under the Gas Purchase Agreement was subject to review by state and federal regulators in Canada compels adjudication by a Canadian forum. Devon errs in several material respects.

First, the sale of gas under the Gas Purchase Agreement was equally subject to regulation and oversight by state and federal regulatory authorities in the United States. See PGC's Opposition Memorandum at p. 5. If the regulatory submissions are relevant to the private contract claims at issue in this case - which PGC disputes- then the state and federal regulators in

Massachusetts are equally relevant to the provincial and federal regulators in Canada. This factor favors neither party.

Second, the regulatory authorities were not parties to the Gas Purchase Agreement, did not negotiate any terms of the Gas Purchase Agreement, and can provide no competent evidence as to the parties' understanding and intent in entering into the Gas Purchase Agreement. Accordingly, whatever relevance their documents may have -- and Devon makes no proffer on this subject -- the documents are unlikely to be admissible and even less likely to be material.

Third, although Devon suggests that Alberta regulatory policy may be the subject of expert testimony, Devon fails to identify any issue of Alberta regulatory law or policy implicated in this case. Moreover, even if Alberta export regulations were implicated, Devon's remedy is before the regulatory agencies, and not before the Court in a civil action to which the regulating authorities are not parties.

For these reasons, the presence of Massachusetts and Canadian regulatory authorities does not compel adjudication of this contract dispute in Canada.

IV.     PGC Did Not Engage In Any Bad Faith "Race To The Courthouse"
        As Alleged By Devon.

Devon argues that PGC engaged in a bad faith race to the courthouse by commencing this action a full month after PGC gave notice to Devon of the Termination Agreements. This argument is unfounded and untrue. The parties' dispute had been pending since January 2004 (indeed, Devon concedes that it retained Alberta counsel with respect to these matters in January 2004). See PGC's Sur-Reply in Opposition to Devon's Motion to Stay at p. 1. Devon made clear its adverse position to PGC in correspondence in January, February, and March 2004. PGC gave Devon notice in writing in early June that it had entered into the Termination Agreements with the Power Purchasers. Id. PGC did not file suit until a month later, in July 2004. That

Devon chose to do nothing until after PGC commenced this litigation – and then only to generate duplicative litigation rather than address PGC's claims on the merits – raises no inference of bad faith on PGC's part.

### Conclusion

For the foregoing reasons, and for the reasons presented in Plaintiff Pittsfield Generating Company, L.P.'s Opposition to Devon Canada Corporation's Motion to Dismiss for Lack of Jurisdiction and Forum Non Conveniens and Motion to Stay In Deference to a Foreign Proceeding and supporting materials, PGC respectfully requests this Court to deny Devon Canada Corporation's Motion to Dismiss the Amended Complaint.

PITTSFIELD GENERATING COMPANY, L.P.

By its attorneys,

/s/ David A. Brown
Robert J. Muldoon, BBO# 359480
David A. Brown, BBO# 556161
Jill M. Brannelly, BBO# 655474
Sherin and Lodgen LLP
101 Federal Street
Boston, Massachusetts 02110
(617) 646-2000

Dated: November 5, 2004