# TAB-2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PITTSFIELD GENERATING COMPANY, L.P., ) | | |
| ) | | |
| Plaintiff, ) | Civil Action No: | |
| v. ) | 04-30128-MAP | |
| ) | | |
| DEVON CANADA CORPORATION, ) | | |
| ) | | |
| Defendant ) | | |

## DECLARATION OF ERIC GROODY

Eric Groody declares under penalty of perjury as follows:

1.   My name is Eric Groody. I am more than twenty-one years of age and am competent to make this declaration. Unless indicated otherwise, I have personal knowledge of the facts stated herein.

2.   The statements and conclusions in this declaration are true to the best of my knowledge and belief and are based on my knowledge of Alberta law and practice. I am a barrister and solicitor admitted to practice in the Province of Alberta, Canada, and a member of the Law Society of Alberta.

3.   I hold a Bachelor of Arts (Honours) degree from St. Francis Xavier University (1976), part of the requirements for which were completed at the University of Durham in England. In 1979 I graduated from Dalhousie Law School at Dalhousie University in Halifax, Nova Scotia, Canada.

4.   I was admitted to New Brunswick bar in 1980 and the Alberta bar in 1982.

5.   I joined the Calgary firm Code Hunter in 1981 as a student at law. Upon admission to the Alberta bar I practiced as an associate with the firm. I joined the partnership in 1985. A few years ago Code Hunter merged with a Toronto – based firm

and changed its name.  Subsequently Messrs. Code and Hunter and I, along with several colleagues who practice advocacy or civil litigation opened our present firm, Code Hunter LLP. I am managing partner.

6.      I appear regularly in the Court of Queen's Bench of Alberta and the Court of Appeal of Alberta.  I have argued cases in the Supreme Court of Canada.

7.      My practice concerns mainly commercial litigation, as well as constitutional and administrative law.

Alberta Trial Courts

8.      The Court of Queen's Bench of Alberta is a superior court of general jurisdiction within the Province of Alberta.  I refer to it in this declaration as the "court".  Subject to matters within the exclusive jurisdiction of the Federal Court of Canada, and territorial jurisdiction and conflicts of law rules, the court has jurisdiction with respect to any cause or matter.

Discovery of Parties

9.      The *Alberta Rules of Court* require a party to proceedings to file and serve an Affidavit of Records, disclosing relevant and material records, and identifying records which were formerly in the party's possession.

10.     Pre-trial oral examination for discovery is available in a civil suit.  A corporate party is obliged to appoint an officer for examination.  The officer's evidence can be read-in against the party at trial.

11.     In 1999 the rules were changed to add the "relevant and material" test, with the apparent objective of narrowing the scope of discovery.  The test applies both to document and oral discovery.  An experienced trial judge said in a recent case that "discovery has been very much restricted."  The precise scope of the change has not been definitively determined.

Persons Who May be Discovered

12. The rules provide that employees and former employees of a corporate party may be examined for discovery.

13. To be "employed" for purposes of the discovery rules is interpreted more broadly than being an employee. Professionals such as consultants may be ordered to discovery where the party seeking to examine establishes a relationship akin to employment. The proposed examinee must have relevant knowledge acquired by virtue of the relationship.

14. The court may limit the number of employees or former employees of any party who may be examined, although this is not done frequently. The court may set aside any appointment for the examination of any employee which is unnecessary, improper or vexatious.

Examination of Non-parties

15. A person who has knowledge but who is not an "officer" or "employee" or "former employee" of a corporate party may be liable to examination for the purpose of using the evidence on any motion or other proceeding before the court. Attendance of the witness may be procured and the examination conducted in the same manner as those of a witness at the trial. However, the examination is in the nature of an examination in chief and not a cross-examination. This is a "rule 266" examination. The entire transcript must be placed before the court. Thus the party seeking the disclosure is faced with the consequence of the responses given.

16. The rules do not permit an examination for discovery of a non-party. The so-called equitable principle of discovery in an exception, but permits only discovery to determine the identity or trace assets of an alleged wrongdoer.

### Witness Outside Alberta

17. For the purposes of trial, the court has the power to issue a subpoena against a witness outside of Alberta. Outside of Canada, recognition of the subpoena from Alberta is a matter for the local law of whichever jurisdiction is concerned. Within Canada, and outside of Alberta, the subpoena is enforced pursuant to inter-provincial reciprocity agreements and enabling legislation.

18. The court may order a person to be examined on oath before an officer of the court or any other person and at any place whether within or without the jurisdiction of Alberta. Commission evidence is available for the purposes of discovery and for the purposes of trial. It is a matter for the receiving jurisdiction whether such a witness would be amenable to Alberta's process.

### Disputes and Delays

19. Disputes over the scope of discovery are resolved in the first instance before a Master in Chambers (a judicial officer of the court). The rules provide for an appeal *de novo* and as of right to a judge of the court. In Calgary, the appeal usually takes the form of a Special Chambers Application and usually takes place five to six weeks after the master's decision. A further appeal lies to the Alberta Court of Appeal, which has recently instituted special procedures for interlocutory appeals. There is a potential for significant delay in the prosecution of an action where the producibility of documents or the propriety of questions asked on examination for discovery is hotly contested.

20. An officer under examination commonly is not adequately informed on some matters in issue. An undertaking is usually extracted that the officer make enquiries and respond with further information, typically in writing. The usual practice is for further examination on the responses.

21. There are no formal statistics with respect to the median time from commencement of an action to judgment. Many actions do not proceed to trial within 28 months of their commencement. It is not uncommon that a civil action in this jurisdiction may be extant for two, three, four or more years prior to coming on for trial.

22.  There is no time limit on a judge who reserves decision after a motion or trial.

23.  I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.


Executed on October 1, 2004


_____
Eric Groody