# In the Court of Appeal of Alberta

Citation: PE-Pittsfield v. Devon Canada, 2005 ABCA 7

Date: 20050107
Docket: 0401-0299-AC
Registry: Calgary

Between:

### Devon Canada Corporation

Respondent
(Plaintiff)

- and -

### PE-Pittsfield, LLC and Purenergy I, LLC, both carrying on business under the firm name and style of Pittsfield Generating Company, LP and the said Pittsfield Generating Company, LP, Altresco, Inc. (sometimes known as Altresco Incorporated) carrying on business under the firm name and style of Pittsfield Generating Company, LP (formerly known as Altresco Pittsfield, LP) and the said Pittsfield Generating Company, LP (formerly known as Altresco Pittsfield, LP)

Appellants
(Defendants)

---

The Court:

The Honourable Madam Justice Carole Conrad
The Honourable Madam Justice Constance Hunt
The Honourable Mr. Justice Ronald Berger

---

**Memorandum of Judgment**
**Delivered from the Bench**

Appeal from the Order by
The Honourable Mr. Justice Mahoney
Dated the 13th day of October, 2004
(Docket: 0401-10854)

**Memorandum of Judgment**
**Delivered from the Bench**

**Conrad J.A. (For the Court):**

[1]     The appellants appeal the decision of a chambers justice refusing to set aside an order for service *ex juris*. They also seek the admission of fresh evidence. Notwithstanding very able and thorough argument by counsel, for the reasons that follow, we deny the application to admit the fresh evidence and dismiss the appeal.

[2]     The respondent, Devon Canada Corporation ("Devon"), an Alberta corporation, supplied natural gas to the defendant, Pittsfield Generating Company, LP ("PGC") through a Gas Purchase and Sale Agreement. Until recently, PGC used that gas to run an electrical generating plant in Massachusetts which produced power that was then sold via a Power Supply Agreement ("PSA") to Nstar. In January 2004, however, Nstar and PGC announced they were seeking regulatory permission to terminate the PSA. After making this announcement, PGC took the position that once the PSA was terminated it was entitled to take the gas supplied by Devon and sell it elsewhere. Devon disagreed, claiming that once the PSA was terminated Devon was entitled to repudiate its agreement(s) for gas supply with PGC.

[3]     PGC was the first to initiate litigation. On July 8, 2004, it filed an action in Massachusetts seeking various declarations confirming its proposed course of action. Devon then followed suit by filing a statement of claim on July 12, 2004, in Alberta, seeking declarations confirming its right to treat its agreement(s) with PGC as being at an end. In commencing this latter action, Devon successfully obtained an *ex parte* order for service *ex juris*. Without attorning to the jurisdiction, the appellants sought to have the order for service set aside. This application was denied on September 13, 2004, giving rise to the present appeal.

[4]     Since the chambers justice made his decision, there have been several new developments. On October 1, 2004, the agreement between PGC and Nstar ended. As a result Devon stopped supplying gas under the Gas Purchase and Sale Agreement. PGC then amended its action in Massachusetts to claim damages for breach of contract. The appellants seek to have the evidence of these various transactions admitted on appeal.

[5]     We turn, first, to the merits of the appeal. The appellants submit that the chambers justice made a number of errors in coming to the conclusion that Alberta was the most convenient forum. We have examined the learned justice's reasons carefully in the context of the grounds of appeal advanced by the appellants. We conclude that any errors attributed to the chambers justice do not, in the result, impeach his judgment. There were several factors propelling the chambers justice towards his ultimate conclusion. In particular, the chambers justice found that the lawsuit concerned an Alberta-made contract that is subject to Alberta law. Viewing the learned justice's reasons as a

Page: 2

whole, we are satisfied that he did not err in his conclusions. It follows that unless the new evidence is admissible, and determinative, the appeal must be dismissed.

[6]   In our view, the appellants have not satisfied the second part of the test for the admission of fresh evidence, namely, that the evidence, if introduced, would be practically conclusive.

[7]   The appellants submit that because Devon has now stopped the flow of gas it is seeking "a negative declaration on a cause residing in PGC." This submission fails to take into account that Devon's primary claim is that PGC has repudiated the Gas Purchase and Sale Agreement by giving notice of its intention to terminate the PSA, and that it is entitled to accept the repudiation. This cause of action resides in Devon regardless of whether PGC has a claim against Devon for stopping the flow of gas. It is not negative relief, therefore, as the appellants have described it, nor is it a misappropriation of PGC's cause of action. There is nothing to stop PGC from commencing its own action in Alberta by filing a counterclaim in Devon's action. In any event, the chambers justice was alive to this possibility.

[8]   For all these reasons we are not convinced that the new evidence would be practically, or even possibly, conclusive of the matters at hand, and we conclude that it is inadmissible. Even if it were admissible on some basis, however, it would make no difference to the ultimate conclusion and the appeal is dismissed.

Appeal heard on December 17, 2004

Memorandum filed at Calgary, Alberta
this 7th   day of January, 2005

_____
Conrad J.A.

[REGISTRAR FILED JAN 07 2005 Court of Appeal of Alberta]

Page: 4

**Appearances:**

C.G. Jensen
    for the Appellant PE-Pittsfield

B.C. Duguid
    for the Appellant Altresco Inc.

S. Carscallen, Q.C and C.A. Crang
    for the Respondent